```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
       FILED
     JUN 11 2013
CLERK, U.S. DISTRICT COURT
By_____
              Deputy
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS RAY SIDES, 1313182,  Petitioner, | ) ) ) |
| v. | ) ) No. 3:13-CV-1773-M |
| STATE OF TEXAS,  Respondent. | ) ) ) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Statement of the Case:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Respondent is the State of Texas. No process has issued in this case.

Petitioner asks this Court to order the Texas Court of Criminal Appeals to set aside his two criminal convictions, find the state court rulings on his state habeas petitions null and void, hear and properly rule on his state habeas petitions and run his limitations period from the date of this Court's order.

**Screening:** A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level...." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**Discussion:** Federal courts generally lack the power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. *Moye v. Dekalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). In this case, Petitioner seeks an order directing the state courts to find his criminal convictions null and void, and to issue certain rulings in his state habeas petitions. The petition therefore lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 1915(e)(2)(B). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

## RECOMMENDATION:

For the foregoing reasons, the Court recommends that the petition be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed this 11 day of June, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge** -2-

## INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).